United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 5, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-60299
Summary Calendar

REBECCA ANSAH,

                                        Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A26 645 995
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Rebecca Ansah petitions for review of the Board of
Immigration Appeals' decision affirming the immigration judge's
determination that Ansah could not demonstrate good moral
character required for cancellation of removal under 8 U.S.C.
§ 1229b(b).  Ansah argues that her false assertions on her
written naturalization application do not preclude a showing of
good moral character.  Ansah is correct.  See 8 U.S.C.
§ 1101(f)(6); Kungys v. United States, 485 U.S. 759, 780 (1988).

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

However, by orally testifying under oath before an immigration officer that the answers contained in her naturalization application were true, Ansah prevented a showing of good moral character required for cancellation of removal.  See Kungys, 485 U.S. at 780.

Ansah also argues that her false testimony was a mistake and made without the intent to deceive.  The immigration judge found that Ansah lacked credibility regarding this assertion.  This determination was based on the judge's finding that Ansah knew that had she disclosed her fraudulent marriage to the interviewing officer, her naturalization application would be denied.  When Ansah was asked if the reason that she lied was to avoid the denial of the application, Ansah did not deny it; instead, she equivocated and admitted that she "should have told the truth" at the hearing.  The evidence thus supports the judge's finding that Ansah told the lie with an intent to obtain naturalization benefits.  The record does not compel a conclusion contrary to that made by the immigration judge.  See Carbajal-Gonzales v. I.N.S., 78 F.3d 194, 197 (5th Cir. 1996); Chun v. I.N.S., 40 F.3d 76, 78-79 (5th Cir. 1994).  Accordingly, the petition for review is DENIED.